STATE OF MAINE                                SUPERIOR COURT
CUMBERLAND, ss.                               CRIMINAL ACTION
                                              Docket No. POR-CR-12-6203
                                              EPE - CUM - 12/19/2012

STATE OF MAINE
                                                 ORDER ON
          v.                                  MOTION TO SUPPRESS

JONATHAN A. BROWN


       On July 13, 2012 into July 14, 2012, the Westbrook Police Department operated a sobriety checkpoint on Route 25 in downtown Westbrook. The sobriety checkpoint was organized by Captain Thomas Roth of the Westbrook Police Department who arranged for the checkpoint to be authorized by the Chief of Police. Twelve officers were assigned to participate in the sobriety checkpoint under the supervision of Captain Roth. The officers had a brief meeting prior to setting up the sobriety checkpoint and were briefed on the expectations for them. On June 29, 2012, a press release was sent to the various media outlets in the Cumberland County area notifying them that increased impaired drivers patrols and sobriety checkpoints would be held in the City of Westbrook during the summer. On the day in questions, the Westbrook Police Department posted notice of the sobriety checkpoint that day on its Facebook page. During the operation of the sobriety checkpoint, the officers were instructed to conduct quick stops of motorists to inquire if they had anything to drink and to make observations about the condition of their eyes, the slurring of speech, any odor of alcohol coming from the vehicle, and the operation of the vehicle up to the checkpoint among other things. The roadblock as it was conducted on that evening was reasonable under the constitutional standards set forth in State v. Kent, 2011 ME 42.

       At around 2:00 a.m. on July 17, 2012, Officer Burgess of the Westbrook Police Department was the officer in charge of checking motorists at the sobriety checkpoint. Officer Burgess was standing near the stop line with two other officers in the area. A lone car began to approach the sobriety checkpoint and was traveling at around 20 MPH and Officer Burgess became concerned that the driver was not going to stop at the checkpoint line. Officer Burgess and the other two officers began to wave flashlights and holler at the driver to stop. The driver failed to stop at the designated line and continued through the checkpoint by a car length. Officer Burgess went up to the car and asked the driver if he had anything to drink. The driver turned his face away from the officer at the window and stated that he had not. Based upon the failure to stop at the checkpoint and averting his face from the officer, the driver was asked to proceed to the observation area for further screening.

The Defendant has filed a motion to suppress alleging that the officer lacked articulable suspicion to require him to remain and go the secondary observation area and that there was a lack of probable cause to detain him for further testing for levels of blood alcohol in his system. The court finds that the driver's inability to stop his vehicle as required by the sobriety checkpoint in and of itself is sufficient to indicate an inability to control the vehicle and some impairment for some reason. In addition to that factor, the

officer was also able to observe the evasiveness of the operator of the vehicle by turning his head away so that his breath could not be smelled. The defendant's evasive action adds to the reasonable suspicion that allows the officer to require the Defendant to proceed to the secondary are for further evaluation. At the secondary area, the officer learned that the operator was Jonathan Brown who was 20 years of age. The officer observed glassy bloodshot eyes, knew that the operator was under 21 years of age, and further observed that the operator had exhibited six clues during the HGN[1] test and had swayed while doing the test. At that point, the officer clearly had probable cause to think that the Defendant was a person under 21 who was operating with any amount of alcohol in his system.

Defendant's motion to suppress is denied.

DATED:     December 18, 2012

_____
E. Paul Eggert, Judge
Maine District Court

---

[1] While the HGN test may result in clues for reasons other than alcohol impairment, alcohol impairment is one of the main causes of HGN clues and is sufficient, along with the other indicators that exist in this case, to allow an officer to proceed to more definitive testing such as a breath or blood test.